JUNGE v. HAUG.

*(Supreme Court, General Term, First Department.　May 23, 1890.)*

TRIAL—INSTRUCTIONS—CONCLUSIONS FROM EVIDENCE.

　　In an action for breach of an alleged contract of hiring for a year, a charge that "the fair inference from the testimony in the case is that the bettering of his [plaintiff's] condition, in his [plaintiff's] opinion, was not so much the increase of $2.00 a week in the salary, but was to be a contract for employment for one year," is not objectionable as stating that, as a matter of law, it must be inferred that the contract was for a year, where that part of the charge immediately following rehearses the evidence as to the employment, and leaves the question to the jury, and the judge expressly disclaims any intention of charging that such inference must be drawn.

Appeal from circuit court, New York county.

Action by Walter Junge against John Haug for an alleged breach of a contract of employment. Judgment was entered on a verdict for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*George C. Comstock*, for appellant. *John Frankenheimer*, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for an alleged breach of a contract of employment. The plaintiff claimed that he was hired for one year, and that he was discharged without sufficient cause. The defendant claimed that he had employed the plaintiff by the week, and therefore had the right to discharge him at the end of any week; and also that, even if he had hired him for the year, he had discharged him for a good and sufficient cause. The parties gave evidence tending to establish their various claims; and the jury, under the charge of the learned judge who presided at the trial, found a verdict for the plaintiff. The appellant claims that this result was occasioned by a portion of the judge's charge which was duly excepted to; which exception presents the sole ground of appeal. For the purpose of showing the injury occasioned to the defendant by the alleged erroneous charge, the appellant claims that there was a preponderance of evidence in favor of the defendant. This point we do not think it necessary to examine, because, upon examination of the proceedings upon the trial as the case was finally submitted to the jury, we find no error, except, perhaps, the plaintiff was held in some respects to a too stringent rule in respect to his proof. The learned judge charged that "the fair inference from the testimony in the case is that the bettering of his [respondent's] condition, in his [respondent's] opinion, was not so much the increase of $2.00 a week in the salary, but was to be a contract for employment for one year." It is claimed by the appellant that this was an instruction to the jury that, as matter of law, this inference must be drawn. That this was not so intended by the judge is evidenced by that part of the charge immediately succeeding, where the court rehearses the evidence upon the subject of employment, and leaves the question for the jury to decide upon the evidence; and, when his attention is called to this language at the close of the charge by the appellant's counsel, it is distinctly stated that all that was intended to be stated was that it was so claimed. This remedied any difficulty, if there was any, and the jury could not have possibly had any other idea than that the question was one for them to decide upon the evidence. We do not think, therefore, that any error appears upon this record calling for a reversal of the judgment.

Judgment and order appealed from affirmed, with costs. All concur.